# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 14, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| EVELYN MAZMANIAN, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1153V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Glenn MacLeod, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 8, 2018, Evelyn Mazmanian ("petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of the influenza ("flu") vaccine, she suffers from a hypersensitivity dermatographism. Petition at 1.

On November 8, 2019, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on her case. Petitioner's Motion ("Pet. Mot.") dated Nov. 8, 2019 (ECF No. 30). Petitioner's request can be summarized as follows:

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

**Attorneys' Fees** – $25,574.90
**Attorneys' Costs** – $18,000.23

Petitioner thus requests a total of $43,575.13.  Respondent filed his response on November 21, 2019, stating that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award . . . and the statutory requirements for an award of attorney's fees and costs."  Respondent's Response dated Nov. 21, 2019 (ECF No. 31) at 2.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and awards **$43,575.13** in attorneys' fees and costs.

I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

    A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is

"well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

The undersigned has reviewed the rates requested for work for her counsel at Conway, Homer, P.C.[3] and finds that the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work.  The undersigned will therefore award the rates requested.

Furthermore, the undersigned determines that the hours billed are reasonable.[4]  The billing entries accurately reflect that nature of the work performed.  Therefore, the undersigned will award the fees requested.

### B. Attorneys' Costs

#### 1. Expert Fees

Petitioner requests $17,000.00 for work performed by Dr. David Rosenstreich, which was a total of 34 hours, billed at an hourly rate of $500.00, and includes a $2,000 retainer fee.  Pet. Mot., Tab B at 15.

Although an hourly rate of $500.00 is considered high in the Vaccine Program, the undersigned will allow that rate here, based on the expertise and qualifications of Dr. Rosenstreich and the quality of his expert report.  The undersigned also notes that other special masters have found this hourly rate appropriate for other experts.  See, e.g., Jaafar v. Sec'y of Health & Human Servs., No. 15-267V, 2019 WL 2265329 (Fed. Cl. Spec. Mstr. Apr. 26, 2019);

---

[3] The undersigned notes that the billing records indicate the majority of the work was performed by paralegals, a law clerk, and attorney Joseph Pepper.

[4] The undersigned notes that some work was duplicative and non-reimbursable.  However, the duplicative and non-reimbursable work was not substantial, and thus, the undersigned will reimburse petitioner's counsel in full.  Counsel is cautioned against continuing to bill duplicative and non-reimbursable work in the future.

3

Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3981514 (Fed. Cl. Spec. Mstr. June 28, 2018); Simon v. Sec'y of Health & Human Servs., No. 05-941V, 2008 WL 623833 (Fed. Cl. Spec. Mstr. Feb. 21, 2008).  Therefore, the undersigned will award the full requested fee.

### 2. Miscellaneous Costs

Petitioner requests $1,000.23 to cover her attorney's other miscellaneous expenses, including medical records requests, Fed Ex costs, the filing fee, and other expenses.  Pet. Mot., Tab A at 37-39.  The undersigned finds these costs reasonable and well-documented, and she will award them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 25,574.90 |
| Awarded Attorneys' Fees: | $ 25,574.90 |
| Requested Attorneys' Costs: | $ 18,000.23 |
| Awarded Attorneys' Costs: | $ 18,000.23 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 43,575.13** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $43,575.13, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Ronald Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                       **/s/ Nora Beth Dorsey**
                                                       Nora Beth Dorsey
                                                       Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.