# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: April 4, 2022)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| E.M., | * | UNPUBLISHED |
| | * | No. 18-1153V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Catherine E. Stolar, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On August 8, 2018, E.M. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that she developed an allergic reaction and related sequelae, including but not limited to hypersensitivity dermatographism, fatigue, myalgia, ocular itching and swelling, exertional dyspnea, anxiety, and parethesias as a result of an influenza vaccination administered on October 13, 2016. Petition at 1. (ECF No. 1). On October 26, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 91).

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On January 11, 2022, petitioner filed an application for attorneys' fees and costs.  Motion for Attorney Fees and Costs (ECF No. 85).  Petitioner requests compensation in the amount of $27,793.83, representing $25,738.30 in attorneys' fees and $2,055.53 in costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has personally incurred costs totaling $23.67 in pursuit of her claim for compensation. Id. Respondent filed his response on January 11, 2022, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 87). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $27,405.00.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

The undersigned has reviewed the hourly rates requested by petitioner for the work of her counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Mr. Joseph Pepper, with supporting work from Mr. Ronald Homer, Ms. Christina Ciampolillo, Ms. Meredith Daniels, and Ms. Lauren Faga), and finds that the hourly rates are consistent with what counsel have previously been awarded for their Vaccine Program work. The undersigned shall therefore award them herein for work performed in the instant case.

### ii.  Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review, the undersigned finds the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed. However, a small reduction must be made for excessive review of filings by counsel. While it is reasonable to have a second set of attorney eyes review substantive filings, such as the petition or a settlement demand, it is not reasonable to have another attorney review routine filings given that Mr. Pepper (lead counsel in this case) is an experienced Vaccine Program practitioner. Accordingly, a reduction of $412.50 is being made to account for this issue. Petitioner is therefore awarded final attorneys' fees of $25,325.80.

### b.  Attorneys' Costs

Petitioner requests a total of $2,055.53 in attorneys' costs. This amount is comprised of postage and work performed by petitioner's medical expert, Dr. David Rosenstreich. Fees App. at 19. The undersigned previously found Dr. Rosenstreich's hourly rate to be reasonable when

3

awarding interim attorneys' costs, and it is reasonable for the work for which petitioner now seeks reimbursement. Accordingly, petitioner is awarded the full amount of attorneys' costs sought.

### c. Petitioner's Costs

Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs totaling $23.67 for postage. These costs have been supported with adequate documentation and are reasonable in the undersigned's experience, and shall be fully awarded.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $25,738.30 |
| (Total Reduction from Billing Hours) | - ($412.50) |
| **Total Attorneys' Fees Awarded** | **$25,325.80** |
| | |
| Attorneys' Costs Requested | $2,055.53 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$2,055.53** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$27,381.33** |
| | |
| **Petitioner's Costs** | **$23.67** |
| | |
| **Total Amount Awarded** | **$27,405.00** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum of $27,381.33, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Ronald Homer; and**

2) **a lump sum of $23.67, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master